[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's motion for contempt dated August 20, 1990. Plaintiff alleges that the defendant has failed to pay for the costs associated with one of the minor children attending private school at Moorestown Friends School, a private preparatory school.
The pertinent provision of the judgment dissolution provided as follows:
 "As long as the plaintiff is receiving alimony from the defendant, she is ordered to pay the parochial education of the children attending St. Joseph's School in Brookfield or such other parochial school in which they may be enrolled from time to time. When her alimony ceases and/or the defendant's obligation to pay the plaintiff alimony ceases, then the defendant is ordered to pay said parochial school expenses may be incurred for the benefit of the minor children through each child's completing the 8th grade."
Since the dissolution, the wife has remarried and the obligation to pay for the "parochial" education of the remaining child falls upon the defendant husband.
He claims that the Moorestown Friends School is not a parochial school, but rather a day school and therefore he does not have the obligation to pay for the child's education.
The wife claims that since the Moorestown Friends School was founded by the Quakers, and since its values lie deep in our Judaeo-Christian heritage, it qualifies as a "parochial" school.
A review of the transcript of the dissolution proceedings before the court (Moraghan, J.), dated May 7, 1987, sheds some light on what this court believes the intention of the parties was relative to the parochial school CT Page 4467 education of the children.
Under direct examination by her counsel, the plaintiff as asked:
 "As to education, Mrs. Greco, you and your husband have agreed that as long as you are receiving alimony for the period of three years that we previously discussed, you will pay for the continuing parochial education of your children at St. Joseph's that they both attend at the moment." (Emphasis added.)
Her response was "Yes."
Later, in entering this order, the court (Moraghan, J.) stated:
 "As long as the plaintiff receives alimony, she is ordered to pay for the parochial education of the children at St. Joseph's School in Brookfield or such other parochial school in which they may be enrolled from time to time. When her alimony ceases, and his obligation to pay her alimony ceases, then the husband is responsible for such educational parochial expenses as may be incurred. . . . " (Emphasis added.)
Clearly, the use of the word "parochial" by the court (Moraghan, J.) leaves no doubt as to what type of school was intended in his order.
The New Webster's Dictionary defines parochial as "[b]elonging to a parish; restricted to a parish," and defines parochial school as "[a] primary or secondary school maintained by a parish, usually correlating religious instruction with secular subjects."
Reader's Digest Great Encyclopedic Dictionary states that a parochial school is one that is usually elementary and which is supported and directed by the parish of a church. It further indicates that it derives its name from the Latin word "parochial" which means parish.
Finally, Ballentine's Law Dictionary defines a "parochial church" as a parish church. CT Page 4468
Clearly, Moorestown Friends School does not meet in any way the definition of the term parochial. In fact, it holds itself out as an "independent school." (See Court Exhibit No. 1.) It is really a day school, independently administered with no parish affiliation.
Accordingly, the court finds that the defendant is not in contempt of court for the failure to pay for the primary grade education of his son at Moorestown Friends School.
MIHALAKOS, J.